U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 1 2010

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES D. WOOLSEY,                §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:09-CV-549-A
                                 §
KLINGSPOR ABRASIVES, INC.,       §
                                 §
          Defendant.             §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Klingspor

Abrasives, Inc., for summary judgment as to all claims and causes

of action brought against it by plaintiff, James D. Woolsey.

Having considered the motion, plaintiff's response, the summary

judgment record, and applicable legal authorities, the court

concludes that the motion should be granted in part and denied in

part.

I.

Plaintiff's Claims

Plaintiff initiated this action by the filing of a complaint

on September 17, 2009, asserting claims and causes of action

against defendant for discrimination on the basis of age in

violation of the Age Discrimination in Employment Act, 29 U.S.C.

§ 623 et seq. ("ADEA"), and the Texas Commission on Human Rights Act ("TCHRA"), chapter 21 of the Texas Labor Code; discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the TCHRA; and retaliation under the ADEA, Title VII, and the TCHRA.

## II.

## The Motion for Summary Judgment

Defendant contends that summary judgment is proper because plaintiff cannot establish that he would not have been terminated "but for" his age, plaintiff has no direct evidence of age discrimination, and he has no evidence that defendant's reasons for his termination were a pretext for discrimination. Defendant further maintains that plaintiff cannot prove that age was a motivating factor in his termination, he has no evidence of discrimination based on sex, and he cannot establish a prima facie case of retaliation.

## III.

## Undisputed Facts

The following facts are undisputed in the summary judgment record:

Plaintiff began his employment with defendant on October 14, 1985, and received promotions to various supervisory positions,

leading to his promotion in July of 2003 to the position of National Sales Manager. In that capacity, plaintiff, although based in Texas, reported directly to the company president, Christoph Klingspor ("Klingspor"), at defendant's headquarters in Hickory, North Carolina. As National Sales Manager, plaintiff was responsible for defendant's national sales functions, requiring him to manage and support Regional Sales Managers ("RSM"), Factory Sales Representatives ("FSR"), and employees in the company's Auto Body division.

As background leading to its decision to terminate plaintiff's employment, defendant describes complaints made by some of its employees against plaintiff and other issues that arose during plaintiff's employment concerning his job performance, including complaints and issues that occurred prior to plaintiff's promotion to National Sales Manager. Plaintiff appears to dispute either the occurrence or severity of at least some of the alleged complaints. Nevertheless, on January 18, 2006, Klingspor issued plaintiff a written warning concerning his conduct. Although the parties dispute whether plaintiff improved in any of the identified areas following the January 18, 2006, letter, it is undisputed that defendant issued no further warning letters to plaintiff.

Plaintiff traveled to company headquarters to attend a meeting on August 27, 2008. On that day, Klingspor terminated plaintiff's employment through a letter that read as follows:

Dear James:

Unfortunately you leave me no other choice but to terminate your employment with KLINGSPOR Abrasives, Inc. effective today.

You have not responded to my request to work with all of the personnel in the outside sales force on a consistent basis, while treating them fairly at the same time all the time. You have decided to manage the sales force 'your way,' which has resulted in a large percentage of unhappy people in KLINGSPOR's sales force, and a lot of complaints by FSRs as well as RSMs about your behavior continuously.

I am no longer willing to deal with issues pertaining to your behavior or even support you as I have in the past, especially since you are demonstrating that you are not at all interested in working within KLINGSPOR's guidelines or its people, whether subordinates, co-managers, or myself, the president of KLINGSPOR and may be pushing situations to whichever level you deem necessary.

Your severance package will be discussed separately.

Pl.'s App. at 157. Although much of what was said between plaintiff and Klingspor during this termination meeting is in dispute, the parties agree that Klingspor told plaintiff he wanted to make a "fresh start." Id. at 5; Def.'s App. at 2.

On November 4, 2008, defendant received a letter from counsel retained by plaintiff, alleging that plaintiff's

termination was the result of age discrimination and retaliation. Shortly thereafter, on November 21, 2008, defendant filed a declaratory judgment action against plaintiff in North Carolina state court, seeking a declaration that it had not illegally discriminated against plaintiff and had no liability towards him. On December 3, 2008, plaintiff filed a charge of discrimination with the EEOC.  A right-to-sue letter issued on August 25, 2009.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

A. Age Discrimination

1. Legal Framework

Defendant relies on a recent decision by the United States Supreme Court in Gross v. FBL Fin. Servs., Inc., ___ U.S. ___,

129 S. Ct. 2343 (2009), to set forth the legal standard for evaluating a claim of age discrimination under the ADEA. Defendant contends that, under <u>Gross</u>, plaintiff "must prove, by a preponderance of the evidence, that age was the 'but for' cause" of his termination. Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br.") at 8-9. Defendant thus maintains that plaintiff cannot establish age discrimination under the ADEA by showing that age was a motivating factor in his termination, and, under <u>Gross</u>, it never bears the burden of persuasion to show it would have taken the same action regardless of plaintiff's age.

It is unclear if the Supreme Court in <u>Gross</u> intended to dispense with the burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973), in age discrimination cases. <u>See Gross</u>, 129 S.Ct. at 2349 n.2 ("[T]he Court has not definitively decided whether the evidentiary framework of <u>McDonnell Douglas</u> . . . , utilized in Title VII cases is appropriate in the ADEA context."). The Fifth Circuit, however, has made clear that it is bound by precedent to apply the <u>McDonnell-Douglas</u> analysis to cases brought pursuant to the ADEA. <u>Jackson v. Cal-Western Packaging Corp.</u>, 602 F.3d 374, 378 (5th Cir. 2010).

The <u>McDonnell Douglas</u> framework requires plaintiff first to make out a <u>prima facie</u> case. <u>McDonnell Douglas</u>, 411 U.S. at 802. If he succeeds, a presumption of discrimination arises and the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its actions. <u>Id.</u> If defendant meets this burden of production, the plaintiff bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for intentional discrimination. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 506-7 (1993).

2. <u>Merits</u>

As to plaintiff's ADEA claim, defendant argues only that plaintiff failed to show that age was the "but-for" cause of his termination. Defendant did not apply the <u>McDonnell Douglas</u> analysis to plaintiff's ADEA claim. Plaintiff, in turn, contends that he has provided direct evidence of discrimination in the form of age-related remarks allegedly made by Klingspor, or, alternatively, that he has presented sufficient evidence of pretext to overcome summary judgment.

"Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." <u>Sandstad v. CB Richard Ellis, Inc.</u>, 309 F.3d 893, 897 (5th Cir. 2002) (internal citation omitted). Plaintiff offers as direct

8

evidence two comments allegedly made by Klingspor during his termination meeting with plaintiff: the "fresh start" comment, and that plaintiff and another sixty-year-old employee were no "spring chickens." Because each of these comments requires an inference of discrimination, the court concludes that the comments are not direct evidence of defendant's alleged discriminatory animus. Absent direct evidence, plaintiff must rely on circumstantial evidence to defeat summary judgment.

Comments of the type described by plaintiff are circumstantial evidence of discrimination only if they are: "1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." Jackson, 602 F.3d at 380. Both comments were allegedly made proximate in time to plaintiff's termination by the decisionmaker. Although the "fresh start" comment is related to the employment decision, Klingspor stated in his declaration that the comment reflected his hope that plaintiff's termination would heal the "frustration and animosity [plaintiff's] years of abuse" had caused the company. Def.'s App. at 002. Thus, in the court's view, the "fresh start"

comment is unrelated to plaintiff's age and cannot be construed as evidence of discriminatory animus, and is at most a stray remark.

Although Klingspor denies making the "spring chicken" comment,[1] such a comment is closer in nature to comments previously found to support an inference of age discrimination. See, e.g., Machinchick v. PB Power, Inc., 398 F.3d 345, 353 (5th Cir. 2005) (comments that plaintiff had "low motivation to adapt," was "inflexible," and "not adaptable" could support inference of age discrimination); Palasota v. Haggar Clothing Co., 342 F.3d 569, 577-78 (5th Cir. 2003) (comments that company needed "race horses, not plow horses," that plaintiff's sales techniques were "old school," and that there was a "graying of the sales force," considered additional evidence of age discrimination); Bienkowski v. Am. Airlines, Inc., 851 F.2d 1503, 1507 & n.4 (5th Cir. 1988) (comments that plaintiff needed to look "sharp" and concerning his willingness to "adapt to new systems" sufficient to avoid summary judgment).

Plaintiff has also adduced summary judgment evidence that, since his termination, defendant has offered changing, inconsistent reasons for the termination. For example, the

---

[1] The court must accept the allegation as true for purposes of the summary judgment motion.

reasons articulated by defendant for plaintiff's termination varied from the termination letter, the declaratory judgment action, defendant's response to the charge of discrimination filed with the EEOC, and in Klingspor's declaration submitted in conjunction with its summary judgment motion. The reasons for plaintiff's termination and the identity of the decisionmaker set forth in defendant's initial responses to plaintiff's interrogatories also differ from those in its supplemental responses.

A legitimate explanation may exist for the variations or inconsistencies in defendant's responses, but defendant has not provided it. The unexplained variations could allow a jury to infer that defendant's proffered reasons for plaintiff's termination are pretextual. See, e.g., Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc., 482 F.3d 408, 415 (5th Cir. 2007); Gee v. Principi, 289 F.3d 342, 347-48 (5th Cir. 2002). Whether or not plaintiff is able to prevail on his claim that age discrimination was the reason for his termination, he has adduced sufficient evidence of pretext to avoid summary judgment.[2]

With regard to plaintiff's claim of age discrimination in violation of the TCHRA, the parties disagree as to whether such

---

[2]The court does not reach the additional grounds by which plaintiff contends he has established pretext.

claims must be interpreted in conformity with <u>Gross</u>, or if plaintiff need only show that age was a "motivating factor" in defendant's decision to terminate his employment. Defendant alternatively argues that, should the court apply pre-<u>Gross</u> law to plaintiff's age discrimination claim under the TCHRA, it can still prevail through application of the <u>McDonnell Douglas</u> burden-shifting framework.[3]

The court need not decide at this juncture whether the correct standard under the TCHRA remains a "motivating factor" or now requires "but-for" causation. For the same reasons discussed above, plaintiff has adduced sufficient evidence of pretext to avoid summary judgment as to his age discrimination claims under the TCHRA.

B. <u>Remaining Claims</u>

The same factual basis underlies plaintiff's claims of sex discrimination and retaliation under the ADEA, Title VII, and the TCHRA. Plaintiff contends that during a meeting with Klingspor in April 2008, Klingspor allegedly commented that the solution to certain personnel issues was not to hire women or older employees. Plaintiff claims he "resisted" this directive, and that Klingspor terminated him for his refusal to go along with

---

[3]Defendant apparently assumes that plaintiff has established a <u>prima facie</u> case of age discrimination.

Klingspor's discriminatory directive.

1. <u>Sex Discrimination Claim Fails</u>

Defendant argues that plaintiff has adduced no evidence of
anyone against whom he was ordered to discriminate on the basis
of sex, nor has he produced evidence of any employee who suffered
an adverse employment action as a result of sex discrimination.
Thus, defendant essentially argues that plaintiff has failed to
produce any evidence of anything that would support his claim of
sex discrimination. Plaintiff failed to respond to defendant's
argument concerning sex discrimination, and the court considers
that he has abandoned this claim.

2. <u>Retaliation Claims Fail</u>

Claims of retaliation are evaluated using the <u>McDonnell
Douglas</u> analysis. To establish a <u>prima</u> <u>facie</u> case of
retaliation, plaintiff must prove that: (1) he engaged in
protected activity; (2) he suffered an adverse employment action;
and (3) a causal nexus exists between the protected activity and
the adverse action. <u>Harvill v. Westward Commc'ns, L.L.C.</u>,
433 F.3d 428, 439 (5th Cir. 2005) (retaliation under Title VII);
<u>Holtzclaw v. DSC Commc'ns Corp.</u>, 255 F.3d 254, 259 (5th Cir.
2001) (ADEA).

The court agrees with defendant that plaintiff has failed to

identify any specific instance where he "resisted" Klingspor's alleged directive not to hire women or older individuals. Plaintiff in his declaration makes only the conclusory assertion that he resisted by hiring an older man and a woman, but offers no facts as would establish a causal connection between such activity and his termination.

Plaintiff further alleges that the declaratory judgment action defendant filed against him in North Carolina state court was in retaliation for plaintiff's attempt to assert his discrimination claims against defendant. Defendant contends that plaintiff cannot demonstrate that filing the declaratory judgment suit was an adverse employment action. Plaintiff argues that under the expanded definition of an "adverse employment action" in Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006), when an employer files such a lawsuit, "[a] reasonable worker would likely be dissuaded from asking his lawyer to write a letter to the former employer, raising allegations of age discrimination and retaliation, where the employer responds with an out-of-state lawsuit against that now unemployed worker." Pl.'s Resp. Br. at 43.

Although plaintiff is correct that White broadened the scope of an "adverse employment action," application to the facts here

does not salvage plaintiff's retaliation claim.  To allege an adverse action, the plaintiff must show that the challenged action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  <u>White</u>, 548 U.S. at 67-68.  Plaintiff cannot prevail under this standard, as even he was not dissuaded by defendant's suit from filing his own charge of discrimination with the EEOC just twelve days after defendant filed the declaratory action.  Plaintiff cited no authority finding similar acts to be an adverse employment action.

VI.

<u>Order</u>

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted as to plaintiff's claim of retaliation under the ADEA, and as to his claims of retaliation and sex discrimination under Title VII and the TCHRA, that such claims be, and are hereby, dismissed with prejudice, and that the motion for summary judgment be, and is hereby, denied as to plaintiff's claims for age discrimination under the ADEA and TCHRA.

SIGNED December 1, 2010.

_____
JOHN McBRYDE
United States District Judge

15